UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **ALAN M. GRANGER** | **CASE NO.  6:23-CV-01182 SEC P** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **SGT MONEYMAKER, ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

## MEMORANDUM ORDER

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* by pro se plaintiff Alan M. Granger on August 29, 2023.  Plaintiff's claims arise out of an incident that occurred at the St. Mary Parish Law Enforcement Center in Centerville, Louisiana, where he is incarcerated.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### I.      STATEMENT OF THE CASE

Plaintiff alleges that on July 21, 2023, he was attacked by prisoners James Jones and Mark Hilliard while trying to break up a fight in the dorm.  Doc. 1, p. 3, ¶ IV.  Sgt. Moneymaker came into the dorm with Lt. Shorday but didn't detain Hilliard, who began to swing at plaintiff.  *Id*.  Plaintiff contends that because the officers were scared to stop Hilliard, he was able to wrestle plaintiff to the ground and break his hand.  *Id*.  Once he was ablet o get Hilliard off of him, plaintiff was tazed by Moneymaker.  *Id*.

Shorday took pictures of plaintiff's hand, but never brought him to the hospital.  *Id*.

In his request for relief, plaintiff states that he would like to be released or compensated for his broken hand, hurt back, and heart pain.  *Id*. at p. 4.

He names the following as defendants: (1) Sgt Moneymaker; (2) Lt. Shorday; (3) Unknown Nurse; (4) Warden Nick Rogers; and (5) Capt Benoit.

## II. LAW AND ANALYSIS

### 1. *Frivolity Review*

Granger was granted leave to proceed in forma pauperis on December 7, 2023. Rec. Doc. 12. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### 2. *Failure to provide medical care*

Plaintiff must amend his complaint to provide more details regarding his claim for denied medical care. As a pretrial detainee, plaintiff's constitutional rights flow from the Fourteenth Amendment Due Process Clause rather than the Eighth Amendment prohibition against cruel and unusual punishment. Because they have not yet been convicted of the crime with which they are charged, pretrial detainees have a due process right not to be punished for that crime. *Bell v.*

*Wolfish*, 441 U.S. 520, 535 (1979). The standard to apply in analyzing a denial of medical care claim asserted by a pretrial detainee depends upon whether the claim is directed to a "condition of confinement" or to an "episodic act or omission." *Scott v. Moore,* 114 F.3d 51, 53 (5th Cir. 1997), quoting *Hare v. City of Corinth*, 74 F.3d 633, 644 (5th Cir. 1996). Plaintiff's complaint is directed to an episodic act or omission.

Under the "episodic act" standard, "a state official's episodic act or omission violates a pretrial detainee's due process right to medical care if the official acts with subjective deliberate indifference to the detainee's rights." Thus, the plaintiff must show both that he suffered a sufficiently serious deprivation, and that this deprivation was brought about by the deliberate indifference of prison officials. *Hare*, 74 F.3d at 643 and 650. This is the same standard applicable to convicted prisoners whose claims are analyzed under the Eighth Amendment.

In order to prevail on such claims, prisoner must establish that the delay in providing medical care was "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97 (1976). A showing of deliberate indifference with regard to medical treatment requires the inmate to submit evidence that prison officials "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citation omitted).

To the extent plaintiff contends that he is in need of medical care, he should provide details regarding his requests for treatment, what medical attention he has, or has not, received, from whom, and the status of his health. He should allege facts to support a claim against each named defendant for denial of medical care.

3

### 3. *Supervisory Officials*

Granger names as a defendant Warden Rogers and Captain Benoit, who appear to have only supervisory roles. Vicarious liability does not apply in a Section 1983 suit, and so "the plaintiff . . . must plead that each Government-official defendant, through his own actions, has violated the Constitution." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948 (2009). Granger must plead adequate facts to support a finding of deliberate indifference for these defendants or dismiss his claims against them.

### III. CONCLUSION

Before this court determines the proper disposition of plaintiff's claims, plaintiff should be given the opportunity to remedy the deficiencies of his complaint. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Accordingly;

**THE CLERK IS DIRECTED** to serve the plaintiff with a copy of this Order.

**IT IS ORDERED** that plaintiff amend his complaint within forty (40) days of the filing of this order to cure the deficiencies as outlined above, and alternatively, dismiss those claims plaintiff is unable to cure through amendment.

**Failure to comply with this order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) or under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Plaintiff is further required to notify the Court of any change in his address under U.L.R. 41.3W.**

**THUS DONE AND SIGNED** in chambers this 22nd day of April, 2024.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE

4