UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **ALAN M. GRANGER #559682** | **CASE NO. 6:23-CV-01182 SEC P** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **SGT. MONEYMAKER, ET AL.** | **MAGISTRATE JUDGE WHITEHURST** |

### ORDER and REASONS

Before the Court is a Report and Recommendation ("R&R") wherein the Magistrate Judge recommends that *pro se* Plaintiff Alan M. Granger's suit be dismissed.[1] No objections have been filed. For the reasons that follow, the Court MODIFIES the Magistrate Judge's recommended disposition.

On August 29, 2023, Plaintiff (a pretrial detainee in the St. Mary Parish Correctional Center) filed this civil rights suit against certain persons employed by the St. Mary Parish Correctional Center for failure to provide medical care. On April 22, 2024, the Magistrate Judge issued an Order instructing Plaintiff to amend his Complaint to add additional factual allegations in support of his claim.[2] The deadline for Plaintiff to file his amended Complaint was June 6, 2024.[3] The Order warned Plaintiff that failure to comply could "result in dismissal of this action."[4] To date, Plaintiff has not filed an amended Complaint.

---

[1] ECF No. 15.
[2] ECF No. 14 at 2-4.
[3] *Id.* at 4; *see also* Fed. R. Civ. P. 6(a)(1)(C), (d).
[4] ECF No. 14 at 4.

On October 3, 2024, the Magistrate Judge, *sua sponte*, issued the above-referenced R&R. Therein, she recommends that Plaintiff's suit be "be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b)," due to Plaintiff's failure to comply with her Order directing him to amend his Complaint.[5] The Magistrate Judge does not specify whether the dismissal should be with or without prejudice.

"Under Rule 41(b), a district court may dismiss an action sua sponte if the plaintiff fails to comply with court orders."[6] Generally, such a dismissal "operates as an adjudication on the merits" (*i.e.*, it is a dismissal with prejudice), "[u]nless the dismissal order states otherwise."[7] Where the statute of limitations bars (or arguably bars) future litigation of the matter, a dismissal without prejudice operates as a dismissal with prejudice.[8] Here, any dismissal of Plaintiff's complaint would effectively be "with prejudice," because if suit were to be re-filed, it would be barred by Louisiana's one-year statute of limitations.[9]

Dismissals with prejudice are 'reserved for the most egregious of cases and are warranted "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser

---

[5] ECF No. 15 at 2.
[6] *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016).
[7] Fed. R. Civ. P. 41(b); *see also Love v. Hunt*, 96 F.3d 1445 (5th Cir. 1996) ("Unless otherwise specified in the order of dismissal, a dismissal under Rule 41(b) operates as an adjudication on the merits, and thus as a dismissal with prejudice.")
[8] *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996); *Nottingham* at 440; *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981).
[9] "The applicable limitations period for claims brought under 42 U.S.C. § 1983 is governed by state law." *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002). Effective July 1, 2024, the prescriptive period for delictual actions under Louisiana law was extended from one year to two. *See* La. Civ. Code art. 3493.1 app. notes. However, that extension is to be given "prospective application only and shall apply to delictual actions arising after the effective date of this Act." *Id.* Here, Plaintiff alleges his injuries were incurred on July 21, 2023.

sanctions that proved to be futile."[10] Typically, an "aggravating factor" must also be present, such as delay resulting from intentional conduct, delay caused by the plaintiff personally, or delay causing prejudice to the defendant.[11] The Fifth Circuit has "repeatedly held that a plaintiff's failure to comply with a few court orders does not warrant dismissal with prejudice."[12]

Under the circumstances of this case, the Court finds dismissal is improper, as there has been only one failure to comply with a court order and no lesser sanctions have yet been considered or employed. Before dismissal, courts are to consider lesser sanctions, which include "[a]ssessments of fines, costs, or damages against the plaintiff or his counsel, . . . conditional dismissal, . . . and explicit warnings."[13] Here, the Court finds monetary sanctions would be ineffective, because Plaintiff is in pretrial detention and is proceeding *in forma pauperis*. Explicit warnings have not led to compliance. Accordingly, the Court will impose the lesser sanction of a conditional dismissal. Specifically, on or before December 12, 2024, Plaintiff must file an amended Complaint (in conformity with the Magistrate Judge's April 22, 2024 Order), or this suit will be dismissed with prejudice.

For the reasons set forth above,

---

[10] *Tello v. C.I.R.*, 410 F.3d 743, 744 (5th Cir. 2005); *see also Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985).
[11] *Boudwin* at 401.
[12] *Mayes v. Fedex Freight Inc.*, 584 Fed.Appx. 278 (5th Cir. 2014) (citing *Berry*, 975 F.2d at 1192 n.6 (collecting cases)).
[13] *Rogers v. Kroger*, 669 F.2d 317, 321-22 (5th Cir. 1982); *see also Woodham v. Am. Cystoscope Co. of Pelham, N.Y.*, 335 F.2d 551, 557 (5th Cir. 1964).

IT IS HEREBY ORDERED that Plaintiff must **AMEND** his Complaint no later than December 12, 2024. <u>**Failure to comply with this Order will result in the DISMISSAL of this suit with prejudice**</u>.

The Clerk of Court is INSTRUCTED to serve Plaintiff with a copy of this Order, along with a copy of the Magistrate Judge's April 22, 2024 Order (ECF No. 14), by mailing the forgoing documents to Plaintiff's last known address.

THUS DONE in Chambers on this ___18th___ day of November, 2024.

                                                      ROBERT R. SUMMERHAYS
                                              UNITED STATES DISTRICT JUDGE